IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Hampton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-15740 |
| | ) | |
| v. | ) | Hon. Georgia N. Alexakis |
| | ) | |
| Skratch Labs, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION TO STAY DISCOVERY WITH INCORPORATED
MEMORANDUM OF LAW**

Defendant Skratch Labs, LLC ("Defendant"), by its undersigned counsel, pursuant to Fed.
R. Civ. Rule 26 and this Court's March 31, 2026, Order (Docket Number ("Dkt. No.") 23), hereby
files this Motion requesting an Order staying discovery pending resolution of Defendant's pending
Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 25) ("Defendant's Motion to
Dismiss") and Memorandum of Law (Dkt. No. 26), and states as follows:

**INTRODUCTION**

The Court should stay discovery pending Defendants' Motion to Dismiss for three reasons.
*First*, the Motion to Dismiss raises the threshold issue of subject matter jurisdiction based on
mootness and standing and may resolve the case in its entirety. *Second*, staying discovery will
conserve judicial and party resources. *Third*, Plaintiff will suffer no prejudice from a stay of
discovery.

**PROCEDURAL BACKGROUND**

On December 30, 2025, Plaintiff filed her Complaint, alleging a violation of the American
with Disabilities Act ("ADA") and seeking declaratory relief. Dkt. No. 1. On March 9, 2026,

Defendant timely filed its Motion to Dismiss based on a lack of subject matter jurisdiction due to mootness and lack of standing due to a failure to establish a clear injury in fact. Dkt. No. 15, 16. On March 30, 2026, Plaintiff filed her First Amended Complaint ("FAC") realleging many of her allegations. Dkt. No. 24. On March 31, 2026, this Court entered an order denying Defendant's Motion to Dismiss as moot and requiring Defendant to file a motion to stay discovery if Defendant files a renewed motion to dismiss.

On April 14, 2026, Defendant's counsel informed Plaintiff that Defendant would be filing a renewed motion to dismiss. Plaintiff served Initial Disclosures and First Set of Written Discovery Requests. On April 20, 2026, Plaintiff informed counsel that she objects to any motion to stay discovery pending the renewed motion to dismiss.

## LEGAL STANDARD

Federal Rules of Civil Procedure 26(c) and (d) give federal courts the discretion to stay discovery pending resolution of a motion to dismiss. *Garrickv. Moody Bible Inst*., 2021 WL 5163287, at *3 (N.D. Ill. Nov. 5, 2021) (Kim, M.J.) ("Courts have broad discretion in guiding the course of discovery" and "[t]he decision whether to grant a stay is no different."); *see also Patterson v. Avery Dennison Corp*., 281 F.3d 676, 681 (7th Cir. 2002) ("courts have broad discretion in matters relating to discovery").

## ARGUMENT

In deciding if a stay is warranted, courts consider: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig*., 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012); *Lord v. PDD Holdings, Inc.*, No. 23-CV-04729, 2024 WL 5432081, at *2 (N.D.

Ill. Feb. 28, 2024) (similar). All three factors weigh in favor of granting a stay until after the Court rules on Defendants' Motion to Dismiss.

> **I.** **The Court Should Issue a Stay of Discovery Until the Court Rules on Defendants' Pending Motion to Dismiss.**

Defendant Skratch Labs raises the threshold issues of mootness and standing in its Motion to Dismiss. A finding that Plaintiff's claims are moot or that Plaintiff lacks standing would dispose of the action and obviate the need for time-consuming discovery. Because these issues are dispositive and jurisdictional, the Court should stay discovery pending resolution of Defendant's Motion to Dismiss.

A stay of discovery is appropriate where the motion to dismiss can resolve the case; where ongoing discovery is "'unlikely to produce facts necessary to defeat the motion;'" or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing." *Duneland*, 2010 WL 1418392, at *2 (citing *Simstad v. Scheub,* No. 2:07 CV 407, 2008 WL 1914268, at *1 (N. D. Ind. April 29, 2008).; *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); and *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996)).

Courts routinely grant stays of discovery where, as here, a motion to dismiss raises standing or other jurisdictional issues that must be resolved before discovery proceeds. *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *7 (S.D. Ind. June 30, 2015) ("The Court appreciates the desire to avoid unnecessary discovery battles, but this desire typically justifies granting a stay only where a motion to dismiss raises 'threshold' issues such as standing, jurisdiction, or qualified immunity." (emphasis added)); *see also*, *accord. Methodist Health Servs. Corp. v. OSFHealthcare Sys.*, No. 13-1054, 2014 WL 1797674, at *2 (C.D. Ill. May 6, 2014) (collecting cases). The U.S. Supreme Court has cautioned that "discovery should not be

allowed" until threshold questions, such as plaintiff's standing to sue, have been resolved. *See Bilal*, 2007 WL 1687253, at \*2 (N.D. Ill. June 6, 2007) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L.Ed.2d 277 (1991) and *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). In this matter the Court should, consistent with other courts in this Circuit, and the United States Supreme Court, enter an order staying discovery.

To be sure, regardless of how the Court decides the issue of mootness and standing, its ruling "will be instructive to the parties in focusing discovery" and will likewise simplify the issues even if this case proceeds. *See Dawoudi v. Nationstar Mortg*., LLC, 2016 WL 8711604, at \*2 (N.D. Ill. Sept. 16, 2016) (granting stay because ruling will simplify the issues in the instant matter", "be instructive to the parties in focusing discovery", "be dispositive", "would preserve the resources of the parties", and "reduce the burden of litigation on the court"). Therefore, the first factor weighs in favor of granting a stay of discovery.

## II. A Stay of Discovery Pending Defendants' Motion to Dismiss Will Reduce the Burden of Litigation on All Parties.

A stay of discovery pending resolution of the Motion to Dismiss will reduce the burden of the litigation on all parties and the Court. *See Garrick v. Moody Bible Inst*., No. 18 CV 573, 2021 WL 5163287, at \*3 (N.D. Ill. Nov. 5, 2021) (citing *Pfizer, Inc. v. Apotex, Inc*., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). "Discovery creates a variety of costs and burdens for the parties and the court." *Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at \*3 (N.D. Ill. July 8, 2021).

Responding to these proposed discovery requests will be burdensome for Defendant and where the pending Motion to Dismiss raises serious deficiencies in the FAC that go to the heart of Plaintiff's claim, the Court should consider the motion before allowing such discovery to proceed. *See*, *e.g.*, *United States v. Supervalu, Inc.*, 2016 WL 3906570, at \*2 (C.D. Ill. July 14, 2016)

(granting a stay pending a ruling on a motion to dismiss: "a clarification of the issues should enable the parties to resolve discovery disputes more easily without resorting to the Court. The District Court's decision will also give this Court needed guidance to resolve discovery issues that the parties cannot resolve on their own."). Thus, the second factor weighs in favor of a stay.

### III.     Plaintiff Will Suffer No Prejudice if a Stay is Granted.

Lastly, there is no meaningful negative consequence to Plaintiff by granting such a stay: although Plaintiff's ability to engage in merits-based discovery will be delayed, mere delay is not the sort of "undue prejudice" which factors against staying discovery. *See*, *e.g.*, *Estimating Group LLC v. Rickey Conradt, Inc*., 2019 WL 2869686, at \*2 (S.D. Ind. 2019) ("[A] stay would slow down the progression of this case and delay Plaintiff's right to proceed with its claim. The Court, however, is not persuaded that this short delay on its own constitutes undue prejudice.").

Rather, there is no undue prejudice to Plaintiff if the Court grants a stay. Defendant seeks a brief stay, which would last only until it files an answer (if any claim survives the Motion to Dismiss) and would thus minimize any potential prejudice to Plaintiff. *See Oil-Dri Corp. ofAm. v. Nestle Purina Petcare Co*., 2015 WL 13650951, at \*2 (N.D. Ill. May 5, 2015) ("Delay, in and of itself, does not constitute undue prejudice."); *see also Mac Naughton v. Asher Ventures, LLC*, 2018 WL 11361070, at \*2 (N.D. Ill. Feb. 27, 2018) (granting a stay where plaintiff presented "no evidence that delaying discovery [would] negatively impact [his] ability to litigate his claims").

### CONCLUSION

WHEREFORE, Defendant, Skratch Labs LLC, respectfully requests its Motion to Stay Discovery be granted and all discovery in the instant case be stayed pending the Court's ruling on Defendant's Motion to Dismiss, and for all other relief in their favor which this Court deems just and proper.

Date: April 21, 2026

Respectfully submitted,

*Defendant, Skratch Labs, LLC*

*/s/ Abigail Block*
By: One of its Attorneys

Veronica L. Vecchio (Bar No. 6283639)
CLARK HILL PLC
2595 Canyon Blvd, Suite 400
Boulder, CO  80302
(303) 301-2923
vvecchio@clarkhill.com

Abigail Block (Bar No. 6348740)
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, IL  60601
(312) 985-5900
ablock@clarkhill.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Hampton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-15740 |
| | ) | |
| v. | ) | Hon. Georgia N. Alexakis |
| | ) | |
| Skratch Labs, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**AGREED BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Counsel for Defendant, Skratch Labs, LLC, and counsel for Plaintiff, Tammy Hampton,

have conferred and agreed that the briefing schedule for this opposed Motion will be:

- Plaintiff shall have 28 days to respond to Defendant's Motion to Stay Discovery; and

- Defendant shall have 21 days thereafter to reply.

Date: April 21, 2026

Respectfully submitted,

*Defendant, Skratch Labs, LLC*

*/s/ Abigail Block*
By: One of its Attorneys

Veronica L. Vecchio (Bar No. 6283639)
CLARK HILL PLC
2595 Canyon Blvd, Suite 400
Boulder, CO  80302
(303) 301-2923
vvecchio@clarkhill.com

Abigail Block (Bar No. 6348740)
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, IL  60601
(312) 985-5900
ablock@clarkhill.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which provided electronic service upon all parties of record.

*/s/ Abigail Block*