**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**


Tammy Hampton

          Plaintiff,

v.

Skratch Labs, LLC

          Defendant.

Case No.: 1:25–cv–15740
Honorable Georgia N. Alexakis


**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Thursday, May 14, 2026:


     MINUTE entry before the Honorable Georgia N. Alexakis: The Court grants Defendant's motion to stay discovery [28]. Although the filing of a dispositive motion does not automatically stay discovery, the Court has broad discretion to manage its docket and control case schedules under Rule 26. See Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc., 674 F.3d 630, 636 (7th Cir. 2012) ("It is wellsettled that district courts enjoy broad discretion in controlling discovery."). In determining whether to grant a stay, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. See, e.g., Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc., No. 12C5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013). The three factors militate in favor of a stay. With respect to the first factor, Plaintiff has not identified any specific prejudice or tactical disadvantage she may suffer if a stay is granted, and the Court may discount any prejudice plaintiff may suffer from the resulting delay in awaiting resolution of this case. See Medline Industries, Inc. v. C.R. Bard, Inc., No. 17C7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (courts can discount "the general prejudice of having to wait for resolution") (cleaned up). In addition, and further reflecting a lack of prejudice to Plaintiff, there is no indication that relevant website accessibility information will not be preserved during a stay. With respect to the second and third factors, the pending motion to dismiss involves threshold issues (mootness and standing) that could dispose of the entire case. A stay during the pendency of the motion to dismiss therefore could reduce the burden inherent to the discovery process on both the parties and the Court. For these reasons, the Court exercises its discretion and grants Defendant's motion to stay discovery until it resolves Defendant's motion to dismiss [28]. That motion to dismiss will be fully briefed within a month. If Plaintiff believes that discovery is necessary to resolve arguments raised in the motion to dismiss (namely, "whether the website remains inaccessible and whether alleged remediation is real, complete, and permanent," [31] at 9), she should discuss the need for such discovery in her forthcoming response to the motion to dismiss and also propose specific written discovery requests. The Court will rule on the motion to dismiss as expeditiously as possible via CM/ECF. Mailed notice. (vkm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.